# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| D.T., et al., ) | |
| Plaintiffs, ) | |
| v. ) | NO. 3:19-cv-00213 |
| SUMNER COUNTY SCHOOLS, ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE NEWBERN |
| Defendant. ) | |

## MEMORANDUM

### I. Introduction

Pending before the Court is a Motion to Dismiss (Doc. No. 13), filed by Defendant Sumner County Schools. Plaintiffs filed a response (Doc. No. 16) to the Motion, and Defendant filed a reply (Doc. No. 17). For the reasons set forth below, the Motion to Dismiss (Doc. No. 13) is **GRANTED**, and this action is **DISMISSED**.

### II. Factual and Procedural Background

Plaintiffs initiated this action by filing a "Petition for Accelerated Interlocutory Recusal Appeal" (Doc. No. 1). According to the Petition, Plaintiffs filed an "administrative Due Process Complaint exerting their special education legal rights against Sumner County Board of Education" on April 24, 2018. (*Id.,* at 3). The complaint was initially handled by Administrative Law Judge ("ALJ") Elizabeth D. Cambron, but was reassigned to ALJ Thomas G. Stovall three weeks before trial was to begin. Plaintiffs allege they requested ALJ Stovall's recusal based on positions held by ALJ Stovall's wife and daughter, and because he received training from the former counsel for Defendant. ALJ Stovall denied the request for recusal.

Through the Petition, Plaintiffs request the Court reverse ALJ Stovall's order denying their motion for disqualification, and require the Tennessee Department of State to replace ALJ Stovall with another judge. Through the pending motion, Defendant argues this case should be dismissed because the Court lacks subject matter jurisdiction and because Plaintiffs have failed to state a claim.

### III. Analysis

#### A. The Standards Governing Motions to Dismiss

In considering a motion to dismiss, a court must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Well-pleaded factual allegations are accepted as true and are construed in the light most favorable to the nonmoving party. 129 U.S. at 1950; *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017).

#### B. Subject Matter Jurisdiction

Defendant argues the Court lacks subject matter jurisdiction to consider an interlocutory appeal from ALJ Stovall's order. Plaintiffs argue the Court has federal question jurisdiction as a reviewing court under the Individuals with Disabilities Education Act ("IDEA").

The IDEA requires states to establish procedures "to ensure children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education." 20 U.S.C. § 1415(a). After an aggrieved party has exhausted the state's administrative procedures under the Act, he may bring a civil suit in federal district court

to enforce his IDEA rights. 20 U.S.C. § 1415(i)(2), (1). "Properly following the administrative process allows issues to be thoroughly vetted, and hopefully resolved, without court intervention." *Doe ex rel. Doe v. Dublin City Sch. Dist.,* 453 Fed. Appx. 606, 608-09 (6th Cir. 2011). The courts have recognized an exception to the exhaustion requirement, however, if exhaustion would be futile or inadequate to protect the plaintiff's rights. *Id.* Plaintiffs argue this case falls within this futility exception to the IDEA's exhaustion requirement. Plaintiffs contend they are without an adequate remedy through the administrative process because ALJ Stovall is not likely to overrule his prior decision and recuse himself from their case.

Plaintiffs have not cited any authority, however, applying the futility exception to permit judicial review of a pre-hearing, interlocutory order rendered in a state IDEA administrative proceeding. *See, e.g., MM v. Lafayette School Dist.,* 681 F.3d 1082, 1090 (9th Cir. 2012) (holding the IDEA "does not allow immediate judicial review of pre-hearing rulings and decisions made by an ALJ in an IDEA case. Rather, a party may bring suit if he is aggrieved by the findings and decision made by the ALJ following the conclusion of the due process hearing."); 20 U.S.C. § 1415(i). Thus, Plaintiffs have not established subject matter jurisdiction in this case based on the IDEA.

Plaintiffs alternatively argue subject matter jurisdiction is supported by the Sixth Circuit's decision in *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir. 2002). In that case, the court addressed the statutory requirements for interlocutory review under 28 U.S.C. § 1292(b), which provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may

3

> thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The *City of Memphis* Court ultimately determined that the district court erred in granting an interlocutory appeal because the defendant failed to satisfy the requirements of the statute. 293 F.3d at 350-51.

Neither Section 1292(b) nor the Sixth Circuit's opinion in *City of Memphis* provide a basis for the exercise of subject matter jurisdiction in this case because they address interlocutory appeals from a federal district court to a federal court of appeals. They do not authorize interlocutory appeals from a state administrative proceeding to a federal district court.[1] Plaintiffs have not established subject matter jurisdiction in this case based on Section 1292(b).

Finally, Plaintiffs argue the Court has subject matter jurisdiction based on certain rules issued by the Tennessee Supreme Court that permit appeals of orders denying requests for recusal. *See* Tenn. Sup. Ct. Rule 10B, §§ 2.01, 2.02. The Tennessee Supreme Court rules cited by Plaintiffs apply to state appellate review of state trial court orders; they do not purport to confer jurisdiction on a federal district court to entertain an interlocutory appeal from a state administrative proceeding. Therefore, Plaintiffs have not established subject matter jurisdiction based on Tennessee Supreme Court rules.

Because Plaintiffs have failed to cite any applicable authority that would permit the Court to exercise subject matter jurisdiction to review ALJ Stovall's interlocutory order, this case must be dismissed.

---

[1] The Court also notes that a district court's pretrial order denying a motion to recuse is not immediately appealable under Section 1292(b) in this circuit. *See, e.g., Harris v. Malone & Hyde,* 856 F.2d 194 (6th Cir. 1988).

## IV. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. No. 13) is granted.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE